**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **GIORGIO BENVENUTO**, <br><br> Plaintiff, <br><br> v. <br><br> **NIURKA DEL VALLE D'ARTHENAY GUZMAN**, <br><br> Defendant. | Civil Action No. 4:26-cv-04888 |

**PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING**
**ORDER AND TEMPORARY INJUNCTION**

Plaintiff Giorgio Benvenuto ("Plaintiff" or "Mr. Benvenuto") files this Emergency Motion for Temporary Restraining Order and Temporary Injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure and respectfully states as follows:

## I.  INTRODUCTION

Plaintiff seeks immediate injunctive relief to prevent Defendant's ongoing campaign of harassment, defamation, cyberstalking, interference with business relationships, and interference with Plaintiff's personal property and safety.

As set forth in Plaintiff's Original Complaint, Defendant has engaged in a continuing pattern of conduct that includes the creation of fictitious online identities, publication of defamatory statements, direct contact with Plaintiff's followers and business associates, interference with contractual relationships, theft of Plaintiff's property, and vandalism of Plaintiff's vehicle. [ECF No. 1]

Absent immediate injunctive relief, Plaintiff will continue to suffer irreparable injury to his reputation, business relationships, professional goodwill, and personal security.  *See* Exhibits 1 and 1-A, 1-B, 1-C, 1-D, 1-E, and 1-F.

## II.  FACTUAL BACKGROUND

Plaintiff incorporates by reference the allegations contained in his Original Complaint as though fully set forth herein.  As described in the Complaint, Defendant has engaged in a continuing course of conduct that includes:

- Publishing defamatory statements concerning Plaintiff through fictitious online identities;

- Contacting Plaintiff's followers, clients, and associates for the purpose of disseminating false and damaging information;

- Interfering with Plaintiff's contractual and business relationships;

- Theft of Plaintiff's property;

- Vandalism of Plaintiff's vehicle; and

- Other acts of harassment and intimidation directed toward Plaintiff.

*See* Exhibits 1 and 1-A, 1-B, 1-C, 1-D, 1-E, and 1-F

Defendant's conduct has continued despite Plaintiff's efforts to block and avoid further contact.

## III.  LEGAL STANDARD

A temporary restraining order and temporary injunction are appropriate when the movant demonstrates:

1.    A substantial likelihood of success on the merits;

2.    A substantial threat of irreparable injury if relief is not granted;

3.    The threatened injury outweighs any harm the proposed injunction may cause the opposing party; and

4.    The injunction will not disserve the public interest.

2

*See* FED. R. CIV. P. 65.

## IV.  ARGUMENT

### A.    Plaintiff Is Likely to Succeed on the Merits

Plaintiff has presented evidence supporting claims for, among other things:

- Defamation;

- Business disparagement;

- Tortious interference with existing and prospective business relations;

- Cyberstalking and online harassment;

- Conversion;

- Trespass to chattels;

- Violations of the Computer Fraud and Abuse Act; and

- Other causes of action set forth in the Complaint.

*See* Exhibits 1 and 1-A, 1-B, 1-C, 1-D, 1-E, and 1-F.

The evidence attached to the Complaint demonstrates a continuing pattern of conduct directed toward Plaintiff and supports Plaintiff's claims for relief. *See* ECF No. 1.

### B.    Plaintiff Will Suffer Irreparable Harm Absent Immediate Relief

Defendant's conduct continues to cause ongoing injury to Plaintiff's personal and professional reputation.  Damage to reputation, goodwill, customer relationships, and professional standing is difficult or impossible to fully compensate through monetary damages alone.

In addition, Defendant's conduct has escalated from online harassment to physical interference with Plaintiff's property and personal affairs, creating a substantial risk of continuing injury if immediate relief is not granted.

Absent injunctive relief, Plaintiff faces continued reputational harm, disruption of business relationships, emotional distress, and threats to his personal security.

**C.      The Balance of Equities Favors Plaintiff**

The requested relief merely requires Defendant to refrain from engaging in unlawful conduct.  Plaintiff faces substantial and continuing harm if relief is denied, while Defendant suffers no legitimate hardship from being required to refrain from harassment, defamation, interference with property, or other unlawful conduct.

Accordingly, the balance of equities weighs heavily in favor of Plaintiff.

**D.      The Public Interest Supports Injunctive Relief**

The public has a strong interest in preventing harassment, cyberstalking, identity misuse, theft, vandalism, and defamatory conduct.  Issuance of injunctive relief promotes compliance with the law and protects individuals from ongoing misconduct.  Accordingly, the requested relief serves the public interest.

## V.  REQUESTED RELIEF

Plaintiff respectfully requests that the Court immediately enter a Temporary Restraining Order and thereafter a Temporary Injunction restraining Defendant, her agents, servants, employees, attorneys, and all persons acting in concert with her from:

a.      Creating, maintaining, or operating any social media account, online profile, or digital identity using any alias, pseudonym, or fictitious identity for the purpose of communicating about Plaintiff;

b.      Posting, publishing, transmitting, or disseminating false, defamatory, or disparaging statements concerning Plaintiff;

c.      Contacting, messaging, or communicating with Plaintiff's followers, clients, business associates, family members, or other third parties for the purpose of making statements concerning Plaintiff;

d.      Accessing, approaching, entering, or coming within 200 feet of Plaintiff's residence, place of business, or vehicle;

e.      Damaging, defacing, vandalizing, or otherwise interfering with Plaintiff's real or personal property;

f.      Removing, intercepting, or interfering with packages, mail, or deliveries addressed to Plaintiff;

4

g.       Interfering with Plaintiff's contractual or business relationships; and

h.       Engaging in any other acts of harassment, intimidation, stalking, surveillance, or threatening conduct directed toward Plaintiff.

## VI.  BOND

Plaintiff is prepared to post such bond as the Court may require pursuant to Rule 65(c).

## VII.  PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that the Court:

1.       Issue an immediate Temporary Restraining Order;

2.       Set this matter for hearing on Plaintiff's request for Temporary Injunction at the earliest available date;

3.       Issue a Temporary Injunction pending final resolution of this action;

4.       Award Plaintiff all other relief to which he may be entitled.

Dated: June 24th, 2026

Respectfully submitted,

FISHERBROYLES

By:     */s/ Trent D. Stephens*
        Trent D. Stephens
        Texas Bar No. 24008081
        trent.stephens@fisherbroyles.com
        2925 Richmond Ave., Ste. 1200
        Houston, Texas 77098
        (713) 425-3730

        **ATTORNEYS FOR PLAINTIFF**
        **GIORGIO BENVENUTO**

5

**CERTIFICATE OF CONFERENCE**

On June 19, 2026, Counsel for Defendant was contacted regarding accepting servicing and responding to Plaintiff's Complaint and Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction and no response has been received.  On June 24, 2026, Counsel for Defendant was contacted regarding entering into an agreed order regarding the relief sought herein and has not responded prior to the filing of this motion.  Accordingly, Plaintiff assumes Defendant is opposed to entry of an order enjoining Defendant from continued harassment, stalking, surveillance, intimidation, threatening conduct, theft, vandalism, or any other unlawful activity directed at Plaintiff, Plaintiff's property, Plaintiff's online presence, or any person associated with Plaintiff.

*/s/ Trent D. Stephens*
Trent D. Stephens

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 24th day of June, 2026, I have caused the foregoing to be electronically filed with the Court using the Court's CM/ECF System and have emailed a copy of this Emergency Motion for Temporary Restraining Order and Temporary Injunction, Exhibits 1 and 1-A, 1-B, 1-C, 1-D, 1-E, and 1-F, and proposed Order.

*/s/ Trent D. Stephens*
Trent D. Stephens

6