United States District Court
Southern District of Texas
**ENTERED**
June 26, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GIORGIO BENVENUTO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-04888 |
| | § | |
| NIURKA DEL VALLE D'ARTHENAY- | § | |
| GUZMAN, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court is Plaintiff's Emergency Motion for Temporary Restraining Order and Temporary Injunction (the "Motion"). Doc. #4. Plaintiff filed his Complaint on June 19, 2026, asserting claims against Defendant related to her "systematic and malicious campaign of online harassment, defamation, cyberstalking, identity fraud, and property interference." Doc. #1. The following week, Plaintiff filed the instant Motion, which asks the Court to enjoin Defendant from: (1) using an alias on social media to communicate about Plaintiff; (2) publishing false, defamatory, or disparaging statements about Plaintiff; (3) communicating with others for the purpose of making statements about Plaintiff; (4) coming within 200 feet of Plaintiff's residence, place of business, or vehicle; (5) interfering with Plaintiff's property; (6) interfering with Plaintiff's mail; (7) interfering with Plaintiff's contractual or business relationships; and (8) engaging in other acts of harassment, intimidation, stalking, surveillance, or threatening conduct directed toward Plaintiff. Doc. #4 at 4–5.

Nothing in the record demonstrates Defendant has been served with the Complaint or Motion, nor has Defendant otherwise appeared in this lawsuit. Federal Rule of Civil Procedure

65(b)(1) provides that the Court may only issue a temporary restraining order without written or oral notice to the adverse party if *both* of the following requirements are met:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).   Here, although Plaintiff demonstrates he has attempted to contact Defendant regarding his request for injunctive relief, he fails to certify in writing any reason why the Court should not require notice to Defendant.  Doc. #4 at 6. Thus, Plaintiff has not satisfied the procedural requirements for the issuance of an ex parte temporary restraining order under Federal Rule of Civil Procedure 65(b)(1).  *See Collins v. Fla. Dep't of Revenue*, No. 4:25-CV-1163, 2025 WL 1490544, at *1 (S.D. Tex. Apr. 24, 2025), *report and recommendation adopted*, 2025 WL 1490374 (S.D. Tex. May 22, 2025) (denying the plaintiff's request for a temporary restraining order for failure to comply with Rule 65(b)(1)'s procedural requirements).

For the foregoing reasons, the Motion (Doc. #4) is hereby DENIED.  Furthermore, Plaintiff is reminded that Rule 4(m) of the Federal Rules of Civil Procedure requires service of process within 90 days after a complaint is filed.  Fed. R. Civ. P. 4(m).  Accordingly, it is ORDERED that upon service of process, Defendant shall have twenty-one (21) days to file a response to Plaintiff's request for injunctive relief.

It is so ORDERED.

_JUN 2 6 2026_
Date

The Honorable Alfred H. Bennett
United States District Judge

2